UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a/s/o Signal Products, Inc., <br><br>    Plaintiff, <br><br> v. <br><br> EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation, <br><br>    Defendant. | CASE NO. 2:21-cv-01184-JHC <br><br> ORDER |

# I.

## INTRODUCTION

This matter comes before the Court on Defendant Expeditors International of Washington, Inc.'s ("Expeditors") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. Dkt. # 15. Defendant asks the Court to transfer this action to the United States District Court for the Southern District of New York ("SDNY"). The Court has considered the materials filed in support of, and in opposition to, the motion, and the case file. Being fully advised, the Court GRANTS the motion.

ORDER - 1

## II.

### BACKGROUND

*The Forum Selection Clause.* Plaintiff Travelers Property Casualty Company of America ("Travelers") insured Signal Products, Inc. ("Signal") against loss of or damage to Signal's cargo. Dkt. # 1 at ¶¶1, 8. Expeditors contracted to carry Signal's cargo from Phnom Penh, Cambodia, to Long Beach, California. *Id.* at ¶6; Dkt. # 15 at 16–18. On October 11, 2020, Expeditors electronically delivered to Signal its maritime contract, "Sea Waybill" No. 617752939. Dkt. 1 at ¶6; Dkt. # 15 at 16–18.[1] The document provides:

> An original version of this image, which can always be generated upon request, sets forth terms and conditions of service on the reverse side of this page.[2] These terms and conditions are also available at www.expeditors.com/forms-downloads. All services provided are subject to these terms and conditions.

Dkt. # 15 at 16–18. By navigating to Expeditors' Internet site, users may locate the "Sea Waybill Terms and Conditions" link. *Non-Negotiable Sea Waybill Terms and Conditions*, EXPEDITORS, https://www.expeditors.com/media/1694/ocean-house-sea-waybill-terms-conditions.pdf [hereinafter T&Cs]. Paragraph 27(a) of the Terms & Conditions ("T&Cs") states:

> This Sea Waybill shall be governed by and construed in accordance with the internal Laws of the State of Washington (excluding its Laws relating to conflicts of law), except as the same may be governed by the federal Law of the United States. MERCHANT IRREVOCABLY CONSENTS TO NON-EXCLUSIVE JURISDICTION AND VENUE FOR LEGAL PROCEEDINGS RELATED TO ALL CLAIMS AND DISPUTES ARISING FROM OR IN CONNECTION WITH THIS SEA WAYBILL OR THE GOODS, WHETHER UNDER FEDERAL, STATE, LOCAL, OR FOREIGN STATUTES, REGULATIONS, OR COMMON LAW, IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON OR THE SUPERIOR COURT OF THE STATE

---

[1] Defendant requests that the Court take judicial notice of the Sea Waybill and its terms and conditions because Plaintiff's complaint references the Sea Waybill, and the document forms the basis of Plaintiff's complaint. Plaintiff does not object. Such a document "may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Because this contract between Expeditors and Signal forms the basis of this action, the Court considers the Sea Waybill.

[2] Defendant did not provide the reverse side of the Sea Waybill for the Court's consideration.

ORDER - 2

OF WASHINGTON SITTING IN KING COUNTY.  MERCHANT AND CARRIER HEREBY CONSENT TO THE COMMENCEMENT AND TRANSFER OF ALL SUCH LEGAL PROCEEDINGS TO SUCH COURTS.  *Merchant irrevocably consents to the commencement and to the transfer of venue in any or all such actions to any other venue in which Carrier is party to a legal action brought by itself or a third party that arises from or is connected with the Goods, their carriage, loading, unloading, handling, or storage, or loss, damage, or delay related to any of the Goods.*  The Merchant waives all defenses based on inconvenience of forum in all actions commenced in the venues agreed to under this Sea Waybill.

*Id.* at 17 (emphasis added).

*The Voyage & This Action.*  As a non-vessel operating common carrier ("NVOCC"), Expeditors does not operate ocean vessels but coordinates transportation as a carrier of record. Dkt. # 13 at 2; *see* 46 C.F.R. §§ 515.2(k), (m)(2).  The parties do not appear to dispute the following facts:  Expeditors hired non-party ocean carrier Ocean Network Express ("ONE") to transport Signal's cargo.  Dkt. # 15 at 2.  On the voyage at issue, the vessel ONE AQUILA, operated by ONE, carried containers with Signal's goods.  Dkt. # 13 at 3.  Around October 30, 2020, some containers carrying such goods were lost overboard, while other containers arrived damaged.  *Id.*; Dkt. # 1 at ¶7.

On August 31, 2021, Travelers, as subrogee of Signal, filed this suit against Expeditors to recover the $153,362.64 it claims it paid Signal under its policy for the lost and damaged goods.  Dkt. # 1 at ¶9.

*Related Cases in SDNY.*  On October 12, 2021, Expeditors filed a complaint for indemnity against ocean carrier ONE in the SDNY.  *See Expeditors Int'l of Wash., Inc. v. Ocean Network Express, Pte., Ltd.*, Case No. 1:21-cv-08405-VSB-OTW (S.D.N.Y. 2022) (Dkt. # 1). Expeditors' claims arise from the same claims of damaged cargo in this case.  *Id.* at ¶¶ 1–2, 4–6. Expeditors says that any liability on its part to Travelers is ONE's responsibility.  *Id.* at ¶¶7–9. On May 6, 2022, the SDNY issued an order in a separate case, consolidating for purposes of

ORDER - 3

discovery three related cases in the SDNY, including Expeditors' indemnity action against ONE. *Expeditors Int'l of Wash., Inc. v. Hyundai Merch. Marine Co., Ltd.*, Case No. 21-cv-9068-RA-OTW (S.D.N.Y. 2022) (Dkt. # 36 at 1). Each case is about "cargo that was lost or damaged when the M/V ONE AQUILA . . . encountered heavy weather in the north Pacific on or about October 29, 2020." *Id.*

### III.

### ANALYSIS

Citing 28 U.S.C. § 1404(a), Defendant moves to transfer this case to the SDNY pursuant to the forum selection clause contained in Expeditors' T&Cs. Plaintiff opposes the motion, arguing that: (1) Defendant waived any right to transfer because of its delay in filing this motion; (2) Paragraph 27(a) of Expeditors' T&Cs is not a valid forum selection clause; and (3) transfer does not satisfy Section 1404(a)'s requirements. The Court considers each argument below.

A.   Legal Standards

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The section's purpose "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).

A valid forum selection clause may be enforced via a motion to transfer brought under Section 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Texas*, 571 U.S. 49, 59 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62. When a valid forum

ORDER - 4

selection clause exists, only "extraordinary circumstances unrelated to the convenience of the parties" justify denying a Section 1404(a) motion. *Id.*

B.   Waiver

Plaintiff contends that Defendant waived its right to move to transfer because of delay in filing this motion. On August 31, 2021, Plaintiff filed its complaint. Dkt. # 1. Defendant filed its indemnity action against ONE in the SDNY on October 12, 2021. *Expeditors Int'l of Wash., Inc. v. Ocean Network Express, Pte., Ltd.*, Case No. 1:21-cv-08405-VSB-OTW (S.D.N.Y. 2022) (Dkt. # 1). On August 11, 2022, Defendant moved to transfer venue to the SDNY. Dkt. # 15.

Plaintiff asks the Court to follow *Global Oil Tools, Inc. v. Expeditors International of Washington, Inc.*, 429 F. Supp. 3d 221 (E.D. La. 2019), a Fifth Circuit case in which Defendant, similarly acting as a NVOCC, successfully made a waiver argument against an ocean carrier. But *Global Oil* is distinguishable. There, the court held that Hapag-Lloyd waived its right to enforce a sea waybill's forum selection clause when it moved for summary judgment, thereby "substantially invok[ing] the judicial process to the detriment of all other parties in the litigation." *Id.* at 229. The court reasoned that Hapag-Lloyd's pursuit of summary judgment "was inconsistent with any intent on its part to enforce the forum selection clause in the sea waybill, and it was reasonable for Expeditors to believe that Hapag-Lloyd had relinquished its right to enforce the clause." *Id.* at 229–30.

Here, there have been no substantive motions. Defendant also brought this issue to the Court's attention in its Joint Status Report and Proposed Discovery Plan, filed on January 31, 2022. Dkt. # 8. Defendant stated, "There are cases, not involving these parties, which are in litigation in other jurisdictions. Other entities involved are in discussion regarding collective management of the ONE AQUILA claims that might ultimately include proposed consolidation into one proceeding." *Id.* at 2. Despite the timing of its motion, Defendant has not substantially

invoked the judicial process to Plaintiff's detriment, and Plaintiff was on notice of potential consolidation.

Plaintiff has not otherwise presented authority to support its waiver argument. The Court concludes that Defendant has not waived its right to seek enforcement of the forum selection clause.

C.     Enforceability of Forum Selection Clause

Defendant says that Paragraph 27(a) of its T&Cs contains a mandatory forum selection clause, requiring a transfer of this case to the SDNY—a forum where Defendant is party to another suit involving the same cargo.[3]  Plaintiff counters that Paragraph 27(a) does not contain a valid forum selection clause because the clause first mandates jurisdiction and venue in either the Western District of Washington or King County Superior Court but then mandates consent to transfer venue to any other venue where Defendant is party, without selecting a particular forum.

The parties do not dispute that the Court should apply federal law in interpreting the forum selection clause. *See Kelso Enterprises, Ltd. v. M/V Wisida Frost*, 8 F. Supp. 2d 1197, 1201 (C.D. Cal. 1998). When parties have agreed to a forum selection clause, the nonmovant bears the burden of showing why transfer is inappropriate by "clearly show[ing] that enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Enforcement is unreasonable and unjust if: (1) the clause "was the product of fraud or overreaching"; (2) the nonmovant would "effectively be deprived of his day in court were the clause enforced"; or (3) "'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (quoting *Bremen*, 407 U.S. at 12–13, 15).

---

[3] The parties do not dispute that the forum selection clause applies to Plaintiff as Signal's subrogee.

ORDER - 6

Defendant's T&Cs are incorporated by reference on its Sea Waybill, stating that the contract is "subject to the standard terms of carriage" that are available online.  Paragraph 27(a) of the T&Cs states, in relevant part, "Merchant irrevocably consents to the commencement and to the transfer of venue in any or all such actions to any other venue in which Carrier is party to a legal action brought by itself or a third party that arises from or is connected with the Goods, their carriage, loading, unloading, handling, or storage, or loss, damage, or delay related to any of the Goods."  T&Cs at 17.

Citing *All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427 (9th Cir. 1993), Plaintiff says the Sea Waybill at issue is a contract of adhesion that should be strictly construed against Defendant as the carrier.   That case states that because bills of lading are contracts of adhesion, both ambiguous and unambiguous provisions are strictly construed against the carrier. *Id.* at 1431–32 ("'[A]ny ambiguity in the bill of lading must be construed in favor of the shipper and against the carrier[.]'") (quoting *Inst. of London Underwriters v. Sea-Land Serv., Inc.*, 881 F.2d 761, 767 (9th Cir. 1989)).  *All Pacific Trading* does not apply because even when the forum selection clause is construed against Defendant, the terms are clear regarding mandatory venue transfer to a venue Defendant brings or defends a related action.  And further, Plaintiff does not argue that the forum selection clause at issue is ambiguous.

Plaintiff does not otherwise present a persuasive argument that Defendant's forum selection clause is invalid.  Plaintiff does identify any authority suggesting that a forum selection clause is unenforceable if it mandates transfer to any other venue in which a party brings or defends a related action, rather than mandating transfer to an enumerated forum.  And in *Global Oil*, a case Plaintiff asks this Court to follow, the court approved of Expeditors' similarly expansive forum selection clause for venue transfer.  429 F. Supp. 3d 221, 229 (E.D. La. 2019) ("Plaintiff irrevocably consented to the commencement and transfer of venue to any venue where

ORDER - 7

a legal action may be brought by Expeditors or any third party, such as Hapag-Lloyd, that arises in connection with Plaintiff's goods . . . .").

As to whether enforcement of the forum selection clause would be unreasonable and unjust, Plaintiff has neither shown that the clause stemmed from fraud or overreaching nor argued that enforcement would deprive Plaintiff of its day in court or contravene Washington's public policy.

D.  Section 1404(a) Analysis

Section 1404(a) has two requirements: (1) that the transferee district is one where the case "might have been brought" or where all parties consent to transfer; and (2) that transfer is for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a).

Plaintiff contends that transfer to the SDNY does not satisfy the first requirement because the case could not have been brought in the SDNY and Plaintiff did not consent to transfer. But per the analysis above, the Court determines that Plaintiff did so consent.

For the second Section 1404(a) requirement, courts conduct an "'individualized, case-by-case consideration of convenience and fairness,'" requiring courts to "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). Courts ordinarily consider private and public interest factors to determine convenience and the interests of justice. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (providing a non-exclusive list of eight public and private interest factors).

But when a motion to transfer is based on a valid forum selection clause, the Section 1404(a) analysis changes. *Atl. Marine Const. Co.*, 571 U.S. at 63. The plaintiff's choice of forum "merits no weight." *Id.* Courts should not consider arguments concerning the parties'

ORDER - 8

private interests, meaning parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64.  As a result, courts may only consider arguments about public interest factors stemming from the interest of justice requirement.  *Id.*  "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."  *Id.*

       1.       Public interest factors

Public interest factors include "the administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981).  Courts also weigh factors such as "'ensuring speeding trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case.'" *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005) (quoting *Heller Fin., Inc., v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (9th Cir. 1989)).

       a.       Local interest

Plaintiff contends that because Defendant is based in Seattle and the voyage at issue occurred in the Pacific Ocean with a predominately foreign crew, this action is localized.  But the electronically issued Sea Waybill was executed by corporations that operate internationally for the transit of goods from Cambodia to California.  Plaintiff's headquarters are in Connecticut, and Plaintiff has not shown any strong ties to Washington.  The main local interest is that Expeditors' headquarters are in Seattle, yet Defendant is the party requesting transfer to the SDNY.

ORDER - 9

    b.  Ensuring speedy trials

Plaintiff contends that transfer would deprive the parties of their set trial date in Seattle, while no trial date has been assigned in New York. Trial is currently set in this district for November 28, 2022. *See* Dkt. # 9. This factor weighs against transfer.

    c.  Trying related litigation together

There are related cases in the SDNY. Plaintiff argues that the related New York action is merely a consolidation of three cases against ONE for discovery purposes only. Even so, consolidating related cases in the same district furthers judicial economy, rather than having parallel litigation proceed in various districts. *See Amazon.com*, 404 F. Supp. 2d at 1261 ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous [sic] litigation and inconsistent results.") (quoting *Durham Prods., Inc., v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982)). Transfer to the SDNY, where related cases are pending, promotes efficiency and avoids duplicative and potentially inconsistent proceedings in multiple districts.

In sum, Plaintiff does not provide sufficiently persuasive public interest reasons against enforcing the forum selection clause. *See Atl. Marine Const. Co.*, 571 U.S. at 52 ("[A] district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."). Although a trial date has been set, the pending related cases in the SDNY favor transfer.

ORDER - 10

V.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is GRANTED, Dkt. # 15, and this case is TRANSFERRED to the United States District Court for the Southern District of New York. The Clerk shall close the file and notify the Clerk of Court in that district.

Dated this 8th day of September, 2022.

*John H. Chun*
John H. Chun
United States District Judge